NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELINDA GABRIELLA VALENZUELA, | No. 17-17406 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-00441-FRZ-PSOT |
| v. | |
| D. W. MASOON; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted July 10, 2018**

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Arizona state prisoner Melinda Gabriella Valenzuela appeals pro se from the

district court's judgment dismissing her action alleging claims arising under Title

II of the Americans with Disabilities Act ("ADA") related to her conditions of

confinement.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissal under 28 U.S.C. § 1915A.  *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011).  We may affirm on any basis supported by the record, *Mahoney v. Sessions*, 871 F.3d 873, 877 (9th Cir. 2017), and we affirm.

The district court properly dismissed Valenzuela's claims against defendants in their individual capacities because as individuals, they are not liable under the ADA.  *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) ("The ADA applies only to public entities[.]").

Dismissal of Valenzuela's ADA claim against defendant Corizon was proper because Valenzuela failed to allege facts sufficient to state a plausible claim.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff still must present factual allegations sufficient to state a plausible claim for relief); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010) (elements of a Title II ADA claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Valenzuela's motions to compel (Docket Entry Nos. 9 and 11) are denied.

**AFFIRMED.**